IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KHANG KIEN TRAN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 95-00151-5 DKW<br>CV. NO. 16-00346 DKW-KJM<br><br>**ORDER DENYING MOTION AND REFERRING APPLICATION FOR LEAVE OF COURT TO FILE A SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255(H)** |

**ORDER DENYING MOTION AND REFERRING
APPLICATION FOR LEAVE OF COURT TO FILE A SECOND OR
SUCCESSIVE MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255(H)**

On June 24, 2016, Petitioner Khang Kien Tran, proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Third Section 2255 Motion") and an Application for Leave of Court to File a Second or Successive Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255(F)(3) ("Application"). Dkt. Nos. 707 and 709. Tran previously filed a petition pursuant to Section 2255 in 2003, which the Court denied on the merits. *See* Dkt. Nos. 630 and 636. He subsequently sought reconsideration of the denial of that motion, which the sentencing court construed as a second or successive Section 2255 motion. *See* Dkt. No. 659. Tran's present Section 2255

filings contend that his sentence is unconstitutional pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). Because Tran's Third Section 2255 Motion is a "second or successive" petition that requires Section 2255(h) certification before this Court may assert jurisdiction, it is DENIED without prejudice. Tran's Application is REFERRED to the Ninth Circuit Court of Appeals.

## BACKGROUND

### I.     Plea, Sentencing, and Direct Appeal

In 1998, Tran was charged in the Third Superseding Indictment with: (1) conspiring to possess with the intent to distribute more than 100 grams of crystal methamphetamine between 1994 and 1996, in violation of 18 U.S.C. §§ 841(a)(1) and 846 (Count 1); (2) distributing more than 100 grams of crystal methamphetamine on January 27, 1995, in violation of Section 841(a)(1) (Count 2); (3) possession with the intent to distribute more than 100 grams of crystal methamphetamine on January 27, 1995, in violation of Section 841(a)(1) and 18 U.S.C. § 2; (4) carrying a firearm during and in relation to a drug trafficking crime on January 27, 1995, in violation of 18 U.S.C. § 924(c)(1) (Count 4); and (5) being a felon in possession of a firearm on January 27, 1995, in violation of 18 U.S.C. § 922(g)(1). *See* Dkt. No. 434 (7/8/98 Indictment).

On December 10, 1998, Tran entered a plea of guilty to Counts 2 and 5 pursuant to a plea agreement. The government dismissed Counts 1, 3, and 4 pursuant to the agreement. *See* Dkt. No. 503 (12/10/98 Minutes) and 511 (12/28/98 Order). On September 8, 2000, Tran was sentenced to 360 months imprisonment as to Count 2 and 120 months as to Count 5, terms to run concurrently. The sentencing court ordered a five-year period of supervised release on Count 2, and three years for Count 5, also to run concurrently. *See* Dkt. Nos. 592 and 600.

Tran filed an appeal on April 16, 2001, challenging the effectiveness of counsel, whether the government breached its obligations under the plea agreement, and whether the court erred in calculating his guideline range. The Ninth Circuit affirmed his conviction on January 31, 2002. *See* Dkt. No 624.

## II.     First and Second Section 2255 Motions

In his first Section 2255 Motion, filed on October 6, 2003, Tran challenged his sentence based on allegations of ineffective assistance of counsel and prosecutorial misconduct. The sentencing court denied the first Section 2255 Motion on February 3, 2004 and denied Tran's Application for a Certificate of Appealability on May 7, 2004. *See* Dkt. Nos. 636 and 643. Tran then filed a motion for reconsideration of the February 3, 2004 order denying his first Section 2255 Motion, which the sentencing court construed as a "second or successive"


habeas petition because it challenged his sentence based on a new theory of law. *See* Dkt. No. 659 (1/4/05 Order). The sentencing court denied Tran's motion for reconsideration and transferred Tran's second 2255 Motion to the Ninth Circuit Court of Appeals.[1]  *See* Dkt. No. 659.

## III. Third Section 2255 Motion

Tran filed his Third Section 2255 Motion via letter requesting appointment of counsel on June 6, 2016, specifically referencing "the newly decided Johnson Case." Dkt. No. 707. Thereafter, he filed his Application for Leave of Court to File a Second or Successive Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255(F)(3).[2]  Dkt. No. 709. Tran's Application argues that his sentence should be vacated under *Johnson* because his predicate offenses were not "crimes of violence" and he no longer qualifies for any upward enhancements. He contends that *Johnson* announced a new substantive limitation and seeks authorization to file a second or successive 2255 motion.

---

[1] Neither the District Court docket in Crim. No. 95-00151 nor the Ninth Circuit docket in No. 00-10430 indicate whether the Ninth Circuit considered or certified Tran's second Section 2255 motion pursuant to Section 2255(h), and whether he pursued the matter further. The Court has reviewed the District Court and Ninth Circuit dockets in Tran's various criminal and civil cases, and has been unable to determine the ultimate resolution of his second Section 2255 motion. *See* Dist. Ct. Civ. No. 03-00546DAE-BMK; Ninth Cir. Nos. 98-10278, 00-10430, 04-16040, 14-30238, and 14-10572.

[2] Although styled as an Application pursuant to Section 2255(f)(3), this subsection outlines the potential deadlines for filing a Section 2255 motion. Because the issue has not been briefed, the Court expresses no opinion as to timeliness or whether Tran is eligible for equitable tolling.

## DISCUSSION

**I.     Tran's Third Section 2255 Motion Is "Second or Successive"**

A petitioner is required to receive certification by a panel of the appropriate Court of Appeals before he may file a "second or successive" habeas petition in District Court.  28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Jones v. Ryan*, 733 F.3d 825, 842 (9th Cir. 2013); *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

To obtain certification to file a second or successive motion from the appellate court, Tran must demonstrate that his motion was filed based on:

> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h); *see also* R. 9 Governing § 2255 Cases in the U.S. Dist. Cts. ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

The requirements of Section 2255(h) create a jurisdictional bar to a petitioner's claims in District Court if the petitioner does not first obtain the Ninth

Circuit Court of Appeals' authorization. *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015). A subsequent habeas petition is not considered successive if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000). Tran's first Section 2255 Motion was decided on the merits, although the outcome of his second Section 2255 Motion is unclear. As a result, Tran's Third Section 2255 Motion is a successive petition that requires certification from the Ninth Circuit Court of Appeals.

Tran's Third Section 2255 Motion is purportedly brought pursuant to the 2015 United States Supreme Court decision in *Johnson*, which had not been decided at the time of his previous habeas motion. Habeas petitions filed pursuant to new rules of constitutional law, which do not involve any new facts, are "second or successive" under Section 2255(h) and the guiding case law, and are not exempt from appellate court certification requirement. *See Gage v. Chappell*, 793 F.3d 1159, 1164-66 (9th Cir. 2015); *Jones*, 733 F.3d at 842; *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009); *Stewart v. United States*, 646 F.3d 856, 861 (11th Cir. 2011).

The purpose of Section 2255(h) is to allow the Circuit Courts of Appeals to determine if the United States Supreme Court created: (1) a new rule; (2) of constitutional law; (3) that was made retroactive to cases on collateral review;

(4) that was previously unavailable. *Ezell*, 778 F.3d at 765; *Leal Garcia*, 573 F.3d at 221 ("Indeed, this is the reason why authorization is needed to obtain review of a successive petition"). Accordingly, the Court is without jurisdiction to hear Tran's Third Section 2255 Motion, which is DENIED without prejudice and his Application is accordingly REFERRED to the Ninth Circuit Court of Appeals, pursuant to Ninth Circuit Court of Appeals Rule 22-3.

## **CONCLUSION**

Tran's Third Section 2255 Motion (Dkt. No. 707) is a "second or successive" petition that requires certification from the Ninth Circuit Court of Appeals before this Court may assert jurisdiction. Consequently, his motion is DENIED without prejudice.

Pursuant to Ninth Circuit Court of Appeals Rule 22-3(a), the Clerk of Court is directed to REFER Tran's Third Section 2255 Motion and Application (Dkt. Nos. 707 and 709) to the Ninth Circuit Court of Appeals.

//

//

//

The Clerk of Court is directed to close the case. The case will be reopened if the Ninth Circuit Court of Appeals subsequently authorizes the filing of Tran's successive Section 2255 habeas petition with this Court.

IT IS SO ORDERED.

DATED: July 7, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Tran v. USA; CR 95-151 (05) DKW; CV NO. 16-00346 DKW-KJM; ORDER DENYING MOTION AND REFERRING APPLICATION FOR LEAVE OF COURT TO FILE A SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255(H)