IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KHANG KIEN TRAN,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CR. NO. 95-00151 (05) DKW<br><br>**ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE** |

**ORDER DENYING PETITIONER'S
MOTION FOR REDUCTION OF SENTENCE**

Petitioner Khang Kien Tran once again moves to reduce the 360-month sentence for methamphetamine distribution and firearms violations that he received from this Court on September 8, 2000.  *See* Dkt. No. 717.  Because neither Amendment 782 nor California Proposition 47 affords Tran the relief he seeks, Petitioner's Motion is DENIED.

**DISCUSSION**

**I.    Amendment 782**

Two years ago, Tran sought a reduction of sentence from the Honorable David Alan Ezra.  Dkt. No. 671.  Tran based his request on, among other things, Amendment 782 to the United States Sentencing Guidelines.  On November 25,

2014, Judge Ezra denied Tran's motion (Dkt. No. 679), finding that even if Amendment 782 resulted in a two-level decrease in Tran's offense level, as Tran urged, that decrease would "not change his guideline range" and would not result in a reduction of his sentence. Five months ago, the Ninth Circuit affirmed: "The district court properly concluded that Tran is ineligible for a sentence reduction because Amendment 782 has not lowered his applicable guideline range." *United States v. Tran*, No. 14-10572 (9th Cir. Apr. 29, 2016).

Either unaware or in denial of this series of events, Tran now moves for precisely the same relief based on precisely the same argument: "[T]his Court relied upon an outdated drug equivalency table as per the new drug quantity table level (38) does not exist, as per Amendment 782, the highest level for drug quantity itself is level (36)." Dkt. No. 723 at 1 (Sept. 2, 2016 reply). Citing Amendment 782, Tran, in other words, is again seeking a two-level reduction in the offense level applied by the district court at the time of sentencing.

Tran's argument is no more meritorious today than it was two years ago when decided by Judge Ezra. Nor is it any more meritorious than it was five months ago when our appellate brethren affirmed. A two-level reduction, at least in Tran's case, would not result in a change in his applicable guideline range, and therefore would have no potential effect on sentencing. Equally important, res judicata and the law of the case both prohibit Tran from relitigating the issue anew.

2

*See, e.g., Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) the parties in the present action are identical to, or in privity with, the parties in the prior action.); *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.") (citations omitted).

To the extent, then, based on Amendment 782, Tran's motion is DENIED.

## II. California Proposition 47

Tran also contends that because his criminal history score at the time of sentencing (13 points, criminal history category VI) was based on four California state court felony convictions, one of which was reclassified as a misdemeanor in 2014 by California Proposition 47, the district court should recalculate his criminal history score (which Tran contends should now be 9), apply the sentencing guidelines applicable to that lower score, and resentence him accordingly. Dkt. No. 723 at 3 (Sept. 2, 2016 reply).

These contentions fail for multiple reasons. First, Tran asserts that his conviction for "Possession of Amphetamine" in violation of California Health & Safety Code § 11377 (a) is now a misdemeanor by virtue of California's November

2014 enactment of Proposition 47, the "Safe Neighborhoods and Schools Act." Whether or not true, Tran's assertion is irrelevant because he was not ascribed any criminal history points for "Possession of Amphetamine." The four felony convictions responsible for his criminal history score were (1) burglary in the second degree, (2) assault with a deadly weapon, (3) extortion, and (4) being a felon in possession of a firearm. *See* PSR ¶¶ 53-56. Reclassifying an offense that played no role in his criminal history score would therefore be meaningless.

Second, Proposition 47 does not apply to any of the four aforementioned convictions that did serve as the basis for Tran's criminal history score. *See generally* Cal. Penal Code Sec. 1170.18. Perhaps that is the reason Tran never mentions these convictions in his motion.

Third, even if Proposition 47 did reduce one or more of Tran's four convictions to a misdemeanor, Tran does not explain how that reclassification would affect his criminal history score under the sentencing guidelines. Criminal history scores are generally affected by the age of a particular conviction and sentence, as well as by length of sentence received. *See* U.S.S.G. §§ 4A1.1 and 4A1.2(e). It is not evident that relabeling any of Tran's four felony convictions would have any impact on his criminal history score.

Fourth, as the Ninth Circuit just confirmed, "Although [a state's] statute [can] determine the status of the conviction for purposes of state law, it [can]not

rewrite history for the purposes of the administration of the federal criminal law or the interpretation of federal criminal statutes." *United States v. Diaz*, No. 10-50029, slip op. at 11 (9th Cir. Sept. 21, 2016) (citing *United States v. Bergeman*, 592 F.2d 533, 536 (9th Cir. 1979)).  In other words, except in limited circumstances not present here, federal sentencing "does not depend upon the mechanics of state post-conviction procedures." *United States v. Norbury*, 492 F.3d 1012, 1015 (9th Cir. 2007).  Federal sentencing courts need not return to the proverbial drawing board each time a state chooses to relabel the level of its offenses.[1]

       To the extent, then, based on California Proposition 47, Tran's motion is DENIED.

///

///

///

---

[1] There is a fifth, albeit less significant, problem with Tran's contentions. Under the federal sentencing guidelines, individual convictions receive a score ranging from 0 to 3 for purposes of tabulating criminal history points and determining an applicable criminal history category. *See, e.g.*, U.S.S.G. § 4A1.1. Tran fails to explain why or how a reclassification of one of his prior convictions would reduce his criminal history points by 4 -- from 13 to 9.

## **CONCLUSION**

Tran's motion to reduce sentence (Dkt. No. 717) is DENIED.

IT IS SO ORDERED.

DATED: September 22, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Khang Kien Tran v. United States of America; CR. NO. 95-00151 (05) DKW; ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE