IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KHANG KIEN TRAN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 95-00151-5 DKW<br>CV. NO. 16-00346 DKW-KJM<br><br>**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING MOTION TO HOLD IN ABEYANCE AND FOR LEAVE TO SUPPLEMENT** |

## INTRODUCTION

On September 8, 2000, Petitioner Khang Kien Tran was sentenced to a 360-month term of imprisonment for methamphetamine distribution and firearms violations. On June 24, 2016, Tran, proceeding *pro se*, filed his third Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), challenging his sentence based on *Johnson v. United* States, 135 S. Ct. 2551 (2015). Dkt. Nos. 707, 709, 710. Tran also asks the Court to reduce his sentence based on Amendment 794, which amends U.S.S.G. § 3B1.2, and to hold his Section 2255 Motion in abeyance pending the Supreme Court's decision in *Sessions*

v. *Dimaya*.[1] Dkt. No. 735. After careful consideration of the record and relevant legal authority, the Court denies Tran's Section 2255 Motion and all other pending requests, and declines to issue a certificate of appealability.

## BACKGROUND

Tran filed his Section 2255 Motion and an Application for Leave of Court to File a Second or Successive Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255(F)(3) ("Application") on June 24, 2016. The Court recounts the factual and procedural matters relevant to Tran's current requests for relief.[2]

### I.     Plea, Sentencing, and Direct Appeal

In 1998, Tran was charged in the Third Superseding Indictment with: (1) conspiring to possess with the intent to distribute more than 100 grams of crystal methamphetamine between 1994 and 1996, in violation of 18 U.S.C. §§ 841(a)(1) and 846 (Count 1); (2) distributing more than 100 grams of crystal methamphetamine on January 27, 1995, in violation of Section 841(a)(1) (Count 2); (3) possession with the intent to distribute more than 100 grams of crystal

---

[1] *Sessions v. Dimaya*, No. 15-1498, *cert. granted sub nom. Lynch v. Dimaya*, 137 S. Ct. 31 (Sept. 29, 2016).

[2] This case, Crim. No. 95-00151, was re-assigned to this Court on June 24, 2016. Dkt. No. 708. Since that time, Tran has also filed a 28 U.S.C. § 2241 Petition (*see* Dkt. No. 714), and a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) and California Proposition 47 (*see* Dkt. No. 717), which the Court ruled upon separately.

methamphetamine on January 27, 1995, in violation of Section 841(a)(1) and 18 U.S.C. § 2 (Count 3); (4) carrying a firearm during and in relation to a drug trafficking crime on January 27, 1995, in violation of 18 U.S.C. § 924(c)(1) (Count 4); and (5) being a felon in possession of a firearm on January 27, 1995, in violation of 18 U.S.C. § 922(g)(1) (Count 5). *See* Dkt. No. 434 (7/8/98 Third Superseding Indictment).

On December 10, 1998, Tran entered a plea of guilty to Counts 2 and 5 pursuant to a plea agreement. The government dismissed Counts 1, 3, and 4 pursuant to the agreement. *See* Dkt. Nos. 503 (12/10/98 Minutes) and 511 (12/28/98 Order). On September 8, 2000, Tran was sentenced to 360 months imprisonment as to Count 2 and 120 months as to Count 5, terms to run concurrently. The sentencing court also imposed a five-year term of supervised release on Count 2, and three years for Count 5, also to run concurrently. *See* Dkt. Nos. 592 (9/8/2000 Minutes) and 600 (10/2/2000 Presentence Investigation Report ["PSR"]).

Tran appealed on April 16, 2001, challenging the effectiveness of counsel, alleging that the government breached its obligations under the plea agreement and that the court erred in calculating his guideline range. The Ninth Circuit affirmed his conviction and sentence on January 31, 2002. *See* Dkt. No 624.

## II. First and Second Section 2255 Motions

In his first Section 2255 Motion, filed on October 6, 2003, Tran challenged his sentence based on allegations of ineffective assistance of counsel and prosecutorial misconduct. The sentencing court denied the first Section 2255 Motion on February 3, 2004 and denied Tran's application for a certificate of appealability on May 7, 2004. *See* Dkt. Nos. 636 and 643. Tran then sought reconsideration, which the sentencing court construed as a "second or successive" habeas petition because it challenged his sentence based on a new theory of law. *See* Dkt. No. 659 (1/4/05 Order). The sentencing court transferred Tran's second 2255 Motion to the Ninth Circuit Court of Appeals.[3] *See* Dkt. No. 659.

## III. Third Section 2255 Motion

On July 7, 2016, the Court concluded that Tran's current Section 2255 Motion seeking relief pursuant to *Johnson* was a "second or successive" petition that required certification from the Ninth Circuit Court of Appeals. The Court therefore denied the Section 2255 Motion without prejudice and referred Tran's third Section

---

[3]Neither the district court docket in Crim. No. 95-00151 nor the Ninth Circuit docket in No. 00-10430 conclusively indicate whether the Ninth Circuit considered or certified Tran's second Section 2255 motion pursuant to Section 2255(h), or whether he pursued the matter further. The Court has reviewed the district court and Ninth Circuit dockets in Tran's various criminal and civil cases, and has been unable to determine the ultimate resolution of his second Section 2255 motion. *See* Civ. No. 03-00546 DAE-BMK; Ninth Cir. Nos. 98-10278, 00-10430, 04-16040, 14-30238, and 14-10572.

2255 Motion and Application to the Ninth Circuit, pursuant to Ninth Circuit Court of Appeals Rule 22-3(a). Dkt. No. 712. On May 10, 2017, the Ninth Circuit granted Tran's Application and instructed the district court to process it as a Section 2255 motion. Dkt. No. 726.

On June 26, 2017, Tran filed his response to the government's June 6, 2017 opposition to his Section 2255 Motion, and additionally filed a Motion Requesting That This Case Be Held In Abeyance Pending A Decision In The Supreme Court, And For Leave Of Court To Supplement His Existing Motion. Dkt. No. 735. The Court considers each of Tran's requests below.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

In addition, the Court shall hold an evidentiary hearing on a petitioner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted.  *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).  In other words, "[a] hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."  *Id.*

## DISCUSSION

### I. Tran Is Not Entitled To Relief Under *Johnson* Or Its Progeny

#### A. The *Johnson* Line of Cases

On June 26, 2015, the Supreme Court decided *Johnson*, holding that the residual clause definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  135 S. Ct. at 2557–58.  The Supreme Court later determined that *Johnson* is retroactively applicable to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  Most recently, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 890–92 (2017), that the residual clause in the Sentencing Guidelines,

which is textually identical to the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), "[is] not subject to a challenge under the void-for-vagueness doctrine." *Id*. at 896.

As discussed below, because Tran was neither subject to a sentencing enhancement under the ACCA nor classified as a career offender under the Sentencing Guidelines, these cases offer him no relief.[4]

### B. Tran's Sentence Was Not Enhanced Under The ACCA

As Tran concedes in his Reply, "none of his priors nor instant offenses qualify as serious drug offenses nor crimes of violence under the [S]upreme [C]ourt[']s decision in *Johnson*." Reply at 2, Dkt. No. 735; *see also id.* ("[D]efendant was not sentenced under any provisions referring to a crime of violence or serious drug offense[] that presents a serious potential risk of injury to another." (citation omitted)).[5]

Indeed, Tran's maximum possible sentence for Count 2 was life imprisonment with a mandatory minimum term of ten years for distribution of more than 100 grams of crystal methamphetamine in violation of 21 U.S.C

---

[4]Tran was sentenced to the minimum number of months permissible under the then-mandatory Guidelines in effect. *See* PSR ¶¶ 78–81 (Total offense level: 41; criminal history category VI; guideline range for imprisonment: 360 months to life). Tran, however, was *not* classified as a career offender under the Guidelines. Therefore, *Beckles* is not relevant to his sentence, nor, given its holding, would it have helped him even if relevant.

[5]In other portions of his Reply, however, Tran states that his "motion established a prima facie showing for relief under *Johnson* . . . the definition and standard use[d] to calculate Tran[']s conviction and sentence are unconstitutionally vague in light of *Johnson*." Reply at 3 (citations omitted).

7

§ 841(b)(1)(A). *See* PSR ¶ 78. His sentence for Count 5 was 120 months under 18 U.S.C. § 924(a)(2) for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* PSR ¶ 79. Tran was *not* classified as a career offender under the Guidelines—he had a total criminal history score of 13, with a criminal history category of VI.[6] *See* PSR ¶ 60.

To be clear, Tran—unlike the defendant in *Johnson*—was not sentenced under the ACCA for a "violent felony" that increased the punishment under 18 U.S.C. § 924(e) for crimes "involv[ing] conduct that presents a serious potential risk of physical injury to another." *Johnson* is thus inapplicable. *See Chavez–Ramirez v. United States*, 2016 WL 6634866, at *2 (D. Haw. Nov. 8, 2016) (denying Section 2255 motion brought by petitioner sentenced for violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and holding that "*Johnson* is simply inapplicable when a sentence did not rely on any definition of 'violence' or 'violent.'"); *Phillips v. United States*, 2016 WL 5928806, at *2 (E.D. Va. Oct. 11, 2016) (denying Section 2255 motion brought under *Johnson* where defendant was

---

[6]Tran's offense level was based on 223.3 grams of "ice" and 32.43 kilograms of generic methamphetamine, equivalent to 67,093 kilograms of marijuana, for a base offense level of 38. PSR ¶¶ 37-40. He received a two-level increase for possession of a firearm during the offense under U.S.S.G. § 2D1.1(b)(1). PSR ¶ 41. Additionally, he received adjustments for his role in the offense (+4), acceptance or responsibility (-2), and assisting the government (-1). PSR ¶¶ 44, 47–48. The four felony convictions responsible for his criminal history score were (1) burglary in the second degree, (2) assault with a deadly weapon, (3) extortion, and (4) being a felon in possession of a firearm. *See* PSR ¶¶ 53–59.

8

convicted under 18 U.S.C. § 922(o) and sentenced under 18 U.S.C. § 924(a)(2), noting that "none of the [U.S.S.G.] under which the Court calculated Petitioner's imprisonment range references § 924(e) or any language similar to the language rendered void in *Johnson*.").

In sum, neither *Johnson* nor its progeny has any discernible effect on Tran's conviction or sentence. His Section 2255 Motion is therefore DENIED.

C. **No Stay Pending *Dimaya* Is Warranted**

Tran asks the Court hold his Section 2255 Motion in abeyance pending the Supreme Court's decision in *Sessions v. Dimaya.*[7] Tran, however, does not explain the basis for this request.

On October 19, 2015, the Ninth Circuit decided *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), holding that the reasoning of *Johnson* applied to the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b) so as to render it void for vagueness. The Ninth Circuit reasoned that Section 16(b) suffered from the same constitutional infirmities as the ACCA's residual clause, because use of the categorical approach to determine which offenses are "crimes of violence" within the meaning of Section 16(b) involves similar double indeterminacy with regard to

---

[7]On September 29, 2016, the Supreme Court granted certiorari. *Dimaya*, No. 15-1498, 137 S. Ct. 31 (Sept. 29, 2016). It held oral argument on January 17, 2017, and on June 26, 2017, restored *Dimaya* to the calendar for reargument in October 2017.

the amount of risk required, extending the reasoning of *Johnson* to Section 16(b). *Dimaya*, 803 F.3d at 1116–17.

Because Tran was convicted and sentenced for distribution of crystal methamphetamine in violation of 21 U.S.C § 841(b)(1)(A) (Count 2) and under 18 U.S.C. § 924(a)(2) for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 5), his sentences will be untouched by the Supreme Court's decision in *Dimaya* for the reasons discussed above.   His offenses are not "crimes of violence" and will not be impacted by the holding in *Dimaya*.   Tran's request to hold this case in abeyance pending the Supreme Court's decision in *Dimaya* is DENIED.

### D.     No Evidentiary Hearing Is Required

The Court is required to hold an evidentiary hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b).   As the analysis above demonstrates, Tran's claims lack merit.   The issues raised here can be conclusively decided on the basis of the evidence in the record, and there is no reason to conduct an evidentiary hearing on his request for relief based on *Johnson* or *Dimaya*.   *See, e.g.*, *United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998).

## II. Tran Is Not Entitled To A Reduction Of Sentence

In his Reply, Tran moves to supplement his Section 2255 Motion "with Amendment 794, for minor role reduction, amending section 3B.1.2." Reply at 1. Amendment 794 changed the language of the Commentary to U.S.S.G § 3B1.2 to allow for more uniform application of the mitigating role sentencing factor. The Commentary now states, "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." Tran also asks, without elaboration, that "some points be deducted from his calculations in light of the government[']s findings, because petitioner['s] sentence was enhanced for some of his priors and instant offenses that were used illegally to calculate his criminal history and base offense level." Reply at 2. Tran's request is procedurally barred and substantively lacking.

First, even construed as a motion seeking a modification based on the amendments to U.S.S.G § 3B1.2, Tran's claim would fail because this sort of clarifying amendment does not apply retroactively on post-appellate review. *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008). Indeed, relying principally on *United States v. Quintero–Leyva*, 823 F.3d 519 (9th Cir. 2016), numerous courts have declined to retroactively apply the very guideline amendment

cited by Tran in the context of a collateral attack. *See, e.g., United States v. Long*, 2017 WL 2259676, at *1 (D. Nev. May 23, 2017) (*Quintero–Leyva* only made Amendment 794 retroactive to direct appeals, not to motions under § 2255); *United States v. Burlingame*, 2016 WL 6777834, at *2 (E.D. Mich. Nov. 16, 2016); *Vanleer v. United States*, 2016 WL 6768919, at *1 (C.D. Ill. Nov. 15, 2016); *United States v. Camacho–Maldonado*, 2016 WL 6681520, at *2 (M.D. Fla. Nov. 14, 2016); *United States v. Lewis*, 2016 WL 6601644, at *3 (D. Minn. Nov. 7, 2016): *United States v. Song*, 2016 WL 6537979, at *2 (S.D. Miss. Nov. 3, 2016); *Rosa–Lara v. United States*, 2016 WL 4916796, at *2 (D. Utah Sept. 14, 2016).

Second, even if procedurally proper, Tran has not established how he plausibly could have qualified for a downward adjustment for being a minor participant under U.S.S.G. § 3B1.2. Instead, he received a four-level *increase* for his role in the offense pursuant to U.S.S.G § 3B1.1(a) because he "was the leader/organizer of a drug distribution organization involving at least ten individuals." PSR ¶ 44; *see also id*. ("[T]he evidence establishes by a preponderance that the defendant was the leader of a crystal methamphetamine distribution conspiracy which was comprised of at least ten individuals."). Tran, in other words, could not possibly qualify for a mitigating role adjustment under U.S.S.G. § 3B1.2, pre- or post-Amendment 794.

## III. Certificate of Appealability

In denying his Section 2255 Motion, the Court must address whether Tran should be granted a certificate of appealability. *See* R. 11(a), Rules Governing Section 2255 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Based on the foregoing analysis, the Court finds no reasonable jurist would find debatable the conclusion that Tran has shown no prejudice arising from the inapplicable Amendment 794. Nor would any reasonable jurist debate this Court's assessment of the merits of Tran's remaining constitutional claims—*Johnson* and its progeny are inapplicable to his case. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court DENIES Tran's Section 2255 Motion and DENIES his request to hold the matter in abeyance. The Court likewise

DENIES his request for a sentencing reduction under Amendment 794.   Finally, the Court DENIES a certificate of appealability.   The Clerk of the Court is directed to enter judgment in favor of the United States and close the case file.

IT IS SO ORDERED.

DATED: August 3, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Tran v. United States*; CR NO. 95-00151 (05) DKW; CV NO. 16-00346 DKW-KJM; **ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING MOTION TO HOLD IN ABEYANCE AND FOR LEAVE TO SUPPLEMENT**