IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KHANG KIEN TRAN,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CR. NO. 95-00151-5 DKW<br>CV. NO. 16-00346 DKW-KJM<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION; AND (2) REFERRING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255(H) AS SECOND OR SUCCESSIVE** |

**INTRODUCTION**

On September 8, 2000, Petitioner Khang Kien Tran was sentenced to a 360-month term of imprisonment for methamphetamine distribution and firearms violations. On September 15, 2017, Tran, incarcerated and proceeding *pro se*, filed a Motion for Reconsideration of Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 in Accordance with 18 U.S.C. § 3582(c)(2) Under the Authority of Amendment 782 of the Sentencing Guidelines ("Motion for Recon"). Dkt. No. 737. Because the Motion for Recon collaterally attacks his underlying conviction and sentence by raising a new ineffective assistance of counsel claim that has nothing to do with Amendment 782, the Court construes the matter as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255

Motion"). Properly characterized, this is Tran's fourth Section 2255 Motion and constitutes a "second or successive" petition that requires Section 2255(h) certification before this Court may assert jurisdiction. As a result, Tran's Motion for Recon is DENIED, and the matter is REFERRED to the Ninth Circuit Court of Appeals.

## BACKGROUND

The Court recounts the factual and procedural matters relevant to Tran's current request for relief.

### I. Plea, Sentencing, and Direct Appeal

In 1998, Tran was charged in the Third Superseding Indictment with: (1) conspiring to possess with the intent to distribute more than 100 grams of crystal methamphetamine between 1994 and 1996, in violation of 18 U.S.C. §§ 841(a)(1) and 846 (Count 1); (2) distributing more than 100 grams of crystal methamphetamine on January 27, 1995, in violation of Section 841(a)(1) (Count 2); (3) possession with the intent to distribute more than 100 grams of crystal methamphetamine on January 27, 1995, in violation of Section 841(a)(1) and 18 U.S.C. § 2 (Count 3); (4) carrying a firearm during and in relation to a drug trafficking crime on January 27, 1995, in violation of 18 U.S.C. § 924(c)(1) (Count 4); and (5) being a felon in possession of a firearm on January 27, 1995, in violation

of 18 U.S.C. § 922(g)(1) (Count 5).  *See* Dkt. No. 434 (7/8/98 Third Superseding Indictment).

On December 10, 1998, pursuant to a plea agreement, Tran entered a plea of guilty to Counts 2 and 5, and the government agreed to dismiss Counts 1, 3, and 4. *See* Dkt. Nos. 503 (12/10/98 Minutes) and 511 (12/28/98 Order).  On September 8, 2000, Tran was sentenced to 360 months imprisonment as to Count 2 and 120 months as to Count 5, terms to run concurrently.  The sentencing court also imposed a five-year term of supervised release on Count 2, and three years for Count 5, also to run concurrently.  *See* Dkt. Nos. 592 (9/8/2000 Minutes) and 600 (10/2/2000 Presentence Investigation Report ["PSR"]).

Tran appealed on April 16, 2001, challenging the effectiveness of counsel, alleging that the government breached its obligations under the plea agreement, and asserting that the court erred in calculating his guideline range.  The Ninth Circuit affirmed his conviction and sentence on January 31, 2002.  *See* Dkt. No. 624.

## II.     First, Second, And Third Section 2255 Motions

In his first Section 2255 Motion, filed on October 6, 2003, Tran challenged his sentence based on allegations of ineffective assistance of counsel and prosecutorial misconduct.  The sentencing court denied the first Section 2255 Motion on February 3, 2004 and denied Tran's application for a certificate of appealability on

May 7, 2004. *See* Dkt. Nos. 636 and 643. Tran then sought reconsideration, which the sentencing court construed as a "second or successive" habeas petition because it challenged his sentence based on a new theory of law. *See* Dkt. No. 659 (1/4/05 Order). The sentencing court transferred Tran's second 2255 Motion to the Ninth Circuit Court of Appeals.[1] *See* Dkt. No. 659.

Tran filed a third Section 2255 Motion on June 24, 2016.[2] Dkt. Nos. 707, 709. On July 7, 2016, the Court concluded that Tran's third Section 2255 Motion seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), was a "second or successive" petition that required certification from the Ninth Circuit Court of Appeals. The Court therefore denied the Section 2255 Motion without prejudice and referred Tran's third Section 2255 Motion and Application to the Ninth Circuit, pursuant to Ninth Circuit Court of Appeals Rule 22-3(a). Dkt. No. 712. On May 10, 2017, the Ninth Circuit granted Tran's Application and instructed the district court to process it as a Section 2255 motion. Dkt. No. 726. The Court did so, and then denied Tran's third Section 2255 Motion seeking relief under

---

[1] Neither the district court docket in Crim. No. 95-00151 nor the Ninth Circuit docket in No. 00-10430 conclusively indicate whether the Ninth Circuit considered or certified Tran's second Section 2255 motion pursuant to Section 2255(h), or whether he pursued the matter further. The Court has reviewed the district court and Ninth Circuit dockets in Tran's various criminal and civil cases, and has been unable to determine the ultimate resolution of his second Section 2255 motion. *See* Civ. No. 03-00546 DAE-BMK; Ninth Cir. Nos. 98-10278, 00-10430, 04-16040, 14-30238, and 14-10572.

[2] On June 24, 2016, Tran's third Section 2255 Motion and the underlying criminal case, Crim. No. 95-00151, were re-assigned to this Court. Dkt. No. 708.

*Johnson*, because Tran was neither subject to a sentencing enhancement under the Armed Career Criminal Act nor classified as a career offender under the Sentencing Guidelines. *See* 8/3/17 Order at 6–9, Dkt. No. 736. The Court also denied Tran's request to hold the matter in abeyance pending the Supreme Court's decision in *Sessions v. Dimaya*, No. 15-1498, because his offenses were not "crimes of violence" and would not be impacted by the holding in *Dimaya*. *See* 8/3/17 Order at 9–10. The Court likewise denied his request for a sentencing reduction pursuant to Amendment 794 and declined to issue a certificate of appealability. *See* 8/3/17 Order at 11–13.

## III. Motion For Recon

### A. Prior Orders Denying Motions For Reduction Of Sentence

Tran's Motion for Recon purports to seek reconsideration of two prior orders filed under 18 U.S.C. § 3582(c)(2)—the November 25, 2014 Order denying his motion for reduction of sentence pursuant to Amendment 782 ("11/25/14 Order") entered by Judge David Alan Ezra (Dkt. No. 679), and this Court's September 22, 2016 ("9/22/16 Order") denying the same (Dkt. No. 724).

Judge Ezra denied Tran's first motion for a reduction of sentence, finding that even if Amendment 782 resulted in a two-level decrease in Tran's offense level, as Tran urged, that decrease would "not change his guideline range" and would not

result in a reduction of his sentence. 11/25/14 Order at 5–6. In 2016, the Ninth Circuit affirmed that decision: "The district court properly concluded that Tran is ineligible for a sentence reduction because Amendment 782 has not lowered his applicable guideline range." *United States v. Tran*, No. 14-10572 (9th Cir. Apr. 29, 2016), Dkt. No. 32-1.

Following the Ninth Circuit's ruling, on July 11, 2016, Tran again moved to reduce his sentence (Dkt. No. 717), and this Court again denied his request for a two-level reduction pursuant to Amendment 782, concluding that "[a] two-level reduction, at least in Tran's case, would not result in a change in his applicable guideline range, and therefore would have no potential effect on sentencing. Equally important, res judicata and the law of the case both prohibit Tran from relitigating the issue anew." 9/22/16 Order at 2–3 (citations omitted).

### B. <u>Motion For Recon</u>

One year following the Court's denial of his second motion for a sentencing reduction pursuant to Amendment 782, Tran asks that the Court "reconsider the district court's denial of petitioner's previous § 3582 motions" because he "has discovered that the court's denials were based largely in part due to errors based on . . . a Sixth Amendment violation of petitioner's rights under the Constitution as to 'ineffective assistance of counsel' affecting petitioner's § 3582 proceedings that

occurred during the (pre)sentencing phase unbeknownst to petitioner until recently." Motion for Recon at 1–2. According to Tran, "[h]ad [he] known, or [been] aware of the error affecting his rights [he] would have surely included this matter before the Court in 2014 and 2016 for the Court's consideration." Motion for Recon at 2.

Tran does not indicate the rule, statute or other legal authority by which he seeks reconsideration of either the 11/25/14 Order or the 9/22/16 Order.[3]

## DISCUSSION

### I. Tran's Motion For Recon Is Properly Construed As A Fourth Section 2255 Motion

Although framed as a request for reconsideration of Judge Ezra's 11/25/14 Order and this Court's 9/22/16 Order, Tran's current Motion for Recon, in fact, seeks relief beyond reconsideration of the two orders denying his motions for reduction of sentence pursuant to Amendment 782. For example, Tran contends that "[b]ecause of Counsel's errors and lack of 'effective assistance' at petitioner's Rule § 11 proceeding and the imposition of sentencing, petitioner state[s] that this Court must schedule and convene a hearing, while *vacating and setting aside his sentence* of 360 months[.]" Motion for Recon at 11 (emphasis added); *see also id.*

---

[3] A Rule 59 motion for reconsideration must be filed within twenty-eight days of the entry of judgment. Fed.R.Civ.P. 59(e). A motion for relief based upon newly discovered evidence under Rule 60(b)(2), must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," but a motion based upon "any other reason that justifies relief," under Rule 60(b)(6) "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1).

7

at 20 (requesting the Court "adjust[] petitioner's Criminal History Category and the Criminal History Points found by the district court and the probation department; vacating Petitioner Tran's original sentence and its original Guidelines and ultimately re-sentence Petitioner Tran").

Tran's current Motion for Recon asserts that, because he is a citizen of Vietnam "the language that petitioner 'speaks and understand[s]' is Vietnamese; [he] had no knowledge and/or understanding of the english language. Every plea, whatever respons[es] that petitioner provided were completely and totally under the advi[c]e of his attorney, especially during entering a plea to the offenses and during sentencing." Motion for Recon at 3. According to Tran—

> It wasn't until much later that [he] discovered the meaning of ineffective of sentence [sic] as it relates to his attorney, and this is in large part of petitioner's request for this court to reconsider its denial of Petitioner Tran's previous motion u[nd]er § 3582(c)(2) under Amendment 782 – All Drugs Minus Two, and thereby grant petitioner relief accordingly.

Motion for Recon at 3.

He invokes *Strickland v. Washington*, 466 U.S. 668 (1984), arguing that, but for counsel's unprofessional errors at his plea and sentencing, the result would have been different. Motion for Recon at 4–7, 9. For example, Tran contends that he was assigned "forty-one (41) Criminal History Points, placing petitioner in Criminal

8

History Category VI." Motion for Recon at 6. This was legal error attributable solely to his counsel, according to Tran—

> Out of the forty-one (41) Criminal History Points, Petitioner alleges that a total of ten (10) of the Criminal History Points resulted from Petitioner Tran's defense counsel, <u>not petitioner Tran</u>, entering a plea to the listed prior state criminal convictions, [which] are not only a violation of Rule § 11, but are a violation of Petitioner's Sixth Amendment rights to the Constitution of the United States[.]

Motion for Recon at 6.

Because Tran seeks what amounts to habeas relief, and complains of proceedings that occurred years before Amendment 782 came into existence, he cannot circumvent the required Section 2255 procedures by framing his motion as one for reconsideration. Moreover, his attempt to reopen his prior Section 2255 proceeding under the guise of Federal Rule of Civil Procedure 60(b)—or some other vehicle for reconsideration—is foreclosed by Ninth Circuit precedent. *See, e.g., United States v. Buenrostro*, 638 F.3d 720, 723 (9th Cir. 2011) (per curiam) ("Because Buenrostro wants to bring a new claim for relief, wholly independent of the claims adjudicated in his first § 2255 proceeding, his Rule 60(b) motion must be treated as a § 2255 motion.").

In *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), the Supreme Court held that a state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas

9

proceedings that would otherwise be barred as second or successive under Section 2254. The Ninth Circuit applies *Gonzalez* to Rule 60(b) motions to reopen Section 2255 proceedings as well.[4] *See Buenrostro*, 638 F.3d at 722; *see also Curry v. United States*, 507 F.3d 603, 604–05 (7th Cir. 2007); *Nailor v. United States*, 487 F.3d 1018, 1021–23 (6th Cir. 2007); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Applying *Gonzalez* here, the Court must treat Tran's Motion for Recon "as another § 2255 motion if it contains a 'claim.'" *Buenrostro*, 638 F.3d at 722 (quoting *Gonzalez*, 545 U.S. at 530).

> *Gonzalez* defines "claim" in various ways, including "a new ground for relief." [545 U.S.] at 532, 125 S. Ct. 2641. Section 2255(a) prescribes the grounds for relief available to a § 2255 movant. We begin, therefore, by looking to see whether *Buenrostro* seeks to reopen his § 2255 proceedings based on a new ground for relief specified in § 2255(a). We see that he does. Buenrostro "claim[ed] the right to be released upon the ground," as § 2255(a) says, "that the sentence was imposed in violation of the Constitution," specifically, *his Sixth Amendment right to the effective assistance of counsel.* Under *Gonzalez*, we must treat Buenrostro's motion as a § 2255 motion.

*Buenrostro*, 638 F.3d at 722 (some citations and footnote omitted) (emphasis added).

---

[4]Similarly, although both *Gonzalez* and *Buenrostro* involved Rule 60(b) motions to reconsider, courts have applied their holdings to cases involving Rule 59(e) motions to reconsider. *See e.g.*, *United States v. Hicks*, 2007 WL 173885, *2 (S.D. Cal. Jan. 17, 2007); *see also Harvest v. Castro*, 531 F.3d 737, 745 n.6 (9th Cir. 2008) (discussing the holding in *Gonzalez* and acknowledging that a motion to reconsider pursuant to Rule 59 could have been filed as well).

As the Ninth Circuit concluded in *Buenrostro*, "[t]hat Buenrostro did not raise in his first § 2255 proceeding the [ineffective assistance of counsel] claim he wants to raise here does not render the adjudication of the claims that he did raise suspect. Because Buenrostro wants to bring a new claim for relief, wholly independent of the claims adjudicated in his first § 2255 proceeding, his Rule 60(b) motion must be treated as a § 2255 motion." *Id.* at 723.[5] So too here. Because Tran seeks to bring a new claim for relief based upon his counsel's alleged ineffective assistance during his Rule 11 plea and/or sentencing, his Motion for Recon must be treated as a Section 2255 Motion.

## II. Tran's Fourth Section 2255 Motion Is "Second or Successive"

A petitioner is required to receive certification by a panel of the appropriate Court of Appeals before he may file a "second or successive" habeas petition in

---

[5]*See also United States v. Diaz*, 2014 WL 5286807, at *1 (D. Haw. Oct. 14, 2014) ("Defendant's [Rule 60(b)(6)] Motion, however, seeks to raise ineffective assistance of counsel claims. Such claims do not challenge a 'defect in the integrity' of prior habeas proceedings, and thus the court lacks authority to consider the merits of the Motion because Defendant has not obtained prior certification from the Ninth Circuit to file a 'second or successive' post-conviction petition.") (citing *Buenrostro*, 638 F.3d at 722); *see also id.*, 2014 WL 5286807, *3 (observing that "*Gonzalez* held that a prisoner may not rely on Rule 60(b) to circumvent the rule prohibiting 'second or successive' petitions without prior approval from a court of appeals") (citing *Gonzalez* 545 U.S. at 531); *Montes v. United States*, 2012 WL 3778856, at *3 (E.D. Cal. Aug. 31, 2012) ("A motion to reconsider may not be used to raise a new ground for relief. Thus, to the extent Mr. Montes proceeds under Rule 59(e), his ineffective assistance of counsel claim is construed as a second or successive § 2255 motion. . . . Mr. Montes has not shown that he has obtained leave from the Ninth Circuit to file a second motion. Thus, this Court lacks jurisdiction to consider Mr. Montes' new ineffective assistance of counsel claim under Rule 59(e).") (citing *Gonzalez*, 545 U.S. at 531; *Buenrostro*, 638 F.3d at 723).

District Court. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Jones v. Ryan*, 733 F.3d 825, 842 (9th Cir. 2013); *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

To obtain certification to file a second or successive motion from the appellate court, Tran must demonstrate that his motion is based on:

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h); *see also* R. 9 Governing § 2255 Cases in the U.S. Dist. Cts. ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

The requirements of Section 2255(h) create a jurisdictional bar to a petitioner's claims in District Court if the petitioner does not first obtain the Ninth Circuit Court of Appeals' authorization. *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015). A subsequent habeas petition is not considered successive if the initial habeas petition was dismissed for a technical or procedural reason, rather than

12

on the merits.  *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000).  Tran's first Section 2255 Motion was decided on the merits, and although the outcome of his second Section 2255 Motion is unclear, his third Section 2255 Motion was denied on the merits by this Court on August 3, 2017.  As a result, Tran's fourth Section 2255 Motion is a successive petition that requires certification from the Ninth Circuit Court of Appeals.  The Court notifies Tran, however, that his ineffective assistance of counsel claims—as currently formulated in the Motion for Recon—appear to raise neither (1) newly discovered evidence that, if proven, would establish his innocence, nor (2) any new rule of constitutional law that is applicable.  *See* Section 2255(h).

In short, the Court lacks the authority to review the merits of the Motion for Recon because it is a second or successive Section 2255 Motion.  Because the Court is without jurisdiction to hear Tran's Motion for Recon, it is DENIED without prejudice.  The Court hereby REFERS Tran's fourth Section 2255 Motion to the Ninth Circuit Court of Appeals, pursuant to Ninth Circuit Court of Appeals Rule 22-3.

## **CONCLUSION**

Tran's Motion for Recon constitutes a fourth Section 2255 Motion, which is a "second or successive" petition that requires certification from the Ninth Circuit

Court of Appeals before this Court may assert jurisdiction. Consequently, his Motion for Recon is denied without prejudice.

Pursuant to Ninth Circuit Court of Appeals Rule 22-3(a), the Clerk of Court is directed to REFER Tran's Motion for Recon (Dkt. No. 737) as a fourth Section 2255 Motion to the Ninth Circuit Court of Appeals.

The Clerk of Court is directed to close the case. The case will be reopened if the Ninth Circuit Court of Appeals subsequently authorizes the filing of Tran's successive Section 2255 habeas petition with this Court.

IT IS SO ORDERED.

DATED: September 25, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Tran v. United States*; CR NO. 95-00151 (05) DKW; CV NO. 16-00346 DKW-KJM; **ORDER (1) DENYING MOTION FOR RECONSIDERATION; AND (2) REFERRING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255(H) AS SECOND OR SUCCESSIVE**