IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KHANG KIEN TRAN,<br><br>Defendant. | CR. NO. 95-00151-5 DKW<br><br>**ORDER DENYING MOTION FOR VACATUR OF CONVICTION** |

## **INTRODUCTION**

On September 8, 2000, Defendant Khang Kien Tran was sentenced to a 360-month term of imprisonment for methamphetamine distribution and firearms violations. He currently moves the Court to vacate his Count 2 conviction for violation of 21 U.S.C. Section 841(a)(1), and reduce his sentence to 120 months to run concurrently with Count 5, pursuant to *United States v. Holloway*, 68 F. Supp. 3d 301 (E.D. N.Y. 2014), and to "produce orders for [his] immediate deportation." Motion at 7, Dkt. No 742. Because the United States objects to his request, and the Court is without the authority to modify his sentence or otherwise grant the relief sought, Tran's Motion is DENIED.

## BACKGROUND

I. <u>**Plea, Sentencing, and Direct Appeal**</u>

In 1998, Tran was charged in the Third Superseding Indictment with: (1) conspiring to possess with the intent to distribute more than 100 grams of crystal methamphetamine between 1994 and 1996, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); (2) distributing more than 100 grams of crystal methamphetamine on January 27, 1995, in violation of Section 841(a)(1) (Count 2); (3) possession with the intent to distribute more than 100 grams of crystal methamphetamine on January 27, 1995, in violation of Section 841(a)(1) and 18 U.S.C. § 2 (Count 3); (4) carrying a firearm during and in relation to a drug trafficking crime on January 27, 1995, in violation of 18 U.S.C. § 924(c)(1) (Count 4); and (5) being a felon in possession of a firearm on January 27, 1995, in violation of 18 U.S.C. § 922(g)(1) (Count 5). *See* Dkt. No. 434 (7/8/98 Third Superseding Indictment).

On December 10, 1998, pursuant to a plea agreement, Tran entered a plea of guilty to Counts 2 and 5, and the government agreed to dismiss Counts 1, 3, and 4. *See* Dkt. Nos. 503 (12/10/98 Minutes) and 511 (12/28/98 Order). On September 8, 2000, Tran was sentenced to 360 months imprisonment as to Count 2 and 120 months as to Count 5, terms to run concurrently. The sentencing court also

imposed a five-year term of supervised release on Count 2, and three years for Count 5, also to run concurrently. *See* Dkt. Nos. 592 (9/8/2000 Minutes) and 600 (10/2/2000 Presentence Investigation Report ["PSR"]).

Tran appealed on April 16, 2001, challenging the effectiveness of counsel, alleging that the government breached its obligations under the plea agreement, and asserting that the court erred in calculating his guideline range. The Ninth Circuit affirmed his conviction and sentence on January 31, 2002. *See* Dkt. No. 624.

## II. Post-Conviction Motions

In his first Section 2255 Motion, filed on October 6, 2003, Tran challenged his sentence based on allegations of ineffective assistance of counsel and prosecutorial misconduct. The sentencing court denied the first Section 2255 Motion on February 3, 2004 and denied Tran's application for a certificate of appealability on May 7, 2004. *See* Dkt. Nos. 636 and 643. Tran then sought reconsideration, which the sentencing court construed as a "second or successive" habeas petition because it challenged his sentence based on a new theory of law. *See* Dkt. No. 659 (1/4/05 Order). The sentencing court transferred Tran's second 2255 Motion to the Ninth Circuit Court of Appeals. *See* Dkt. No. 659.

Tran filed a third Section 2255 Motion on June 24, 2016.[1] Dkt. Nos. 707, 709. On July 7, 2016, the Court concluded that Tran's third Section 2255 Motion seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), was a "second or successive" petition that required certification from the Ninth Circuit Court of Appeals. Dkt. No. 712. On May 10, 2017, the Ninth Circuit granted Tran's petition and instructed the district court to process it as a Section 2255 motion. Dkt. No. 726. The Court did so, and subsequently denied Tran's third Section 2255 Motion seeking relief under *Johnson* because Tran was neither subject to a sentencing enhancement under the Armed Career Criminal Act nor classified as a career offender under the Sentencing Guidelines. *See* 8/3/17 Order at 6–9, Dkt. No. 736. The Court likewise denied his request for a sentencing reduction pursuant to Amendment 794 and declined to issue a certificate of appealability. *See* 8/3/17 Order at 11–13.

On several prior occasions, Tran's motions for reduction of his sentence have been rejected by the district court and the Ninth Circuit. Recently, two orders rejected his requests under 18 U.S.C. § 3582(c)(2)—a November 25, 2014 Order denying his motion for reduction of sentence pursuant to Amendment 782

---

[1] On June 24, 2016, Tran's third Section 2255 Motion and the underlying criminal case, Crim. No. 95-00151, were re-assigned to this Court. Dkt. No. 708.

("11/25/14 Order") entered by Judge David Alan Ezra (Dkt. No. 679), and this Court's September 22, 2016 Order ("9/22/16 Order") denying the same (Dkt. No. 724).² One year after the Court's denial of his second motion for a sentencing reduction pursuant to Amendment 782, Tran asked the Court to "reconsider the district court's denial of petitioner's previous § 3582 motions" because he "has discovered that the court's denials were based largely in part due to errors based on . . . a Sixth Amendment violation of petitioner's rights under the Constitution as to 'ineffective assistance of counsel' affecting petitioner's § 3582 proceedings that occurred during the (pre)sentencing phase unbeknownst to petitioner until recently." Dkt. No. 737 at 1–2. The Court construed Tran's request as a Fourth Section 2255 Motion, which was a "second or successive" petition that requires certification from the Ninth Circuit before this Court may assert jurisdiction. The Ninth Circuit

---

²Judge Ezra denied Tran's first motion for a reduction of sentence, finding that even if Amendment 782 resulted in a two-level decrease in Tran's offense level, as Tran urged, that decrease would "not change his guideline range" and would not result in a reduction of his sentence. 11/25/14 Order at 5–6. In 2016, the Ninth Circuit affirmed that decision: "The district court properly concluded that Tran is ineligible for a sentence reduction because Amendment 782 has not lowered his applicable guideline range." *United States v. Tran*, No. 14-10572 (9th Cir. Apr. 29, 2016), Dkt. No. 32-1. Following the Ninth Circuit's ruling, on July 11, 2016, Tran again moved to reduce his sentence (Dkt. No. 717), and this Court again denied his request for a two-level reduction pursuant to Amendment 782, concluding that "[a] two-level reduction, at least in Tran's case, would not result in a change in his applicable guideline range, and therefore would have no potential effect on sentencing. Equally important, res judicata and the law of the case both prohibit Tran from relitigating the issue anew." 9/22/16 Order at 2–3 (citations omitted).

denied Tran's application for authorization to file a second or successive petition on May 17, 2018. Dkt. No. 747.

## III. Tran's Current Motion

Tran filed his most recent request on April 2, 2018, entitled Memorandum Regarding the Vacatur of Conviction 841(a)(1), Dkt. No. 742, in which he petitions the Court to vacate his conviction for Count 2 on the basis of another district court's decision in *Holloway*. The United States opposes the request on several grounds: (1) Tran was the leader of at least 10 people who distributed large quantities of crystal methamphetamine and had several prior felony convictions when he committed the instant offenses; (2) Bureau of Prison's records show at least four serious incidents since his incarceration—including fighting and possession of a dangerous weapon—resulting in the loss of 167 days of good time credit, *see* Govt. Ex. 4, Dkt. No. 746-4; and (3) the Motion is not the proper procedural vehicle for Tran's request, and he should instead seek relief following the channels established by the Department of Justice, Office of Pardon Attorney. Mem. in Opp'n at 5–8, Dkt. No. 746.

## DISCUSSION

I. **Tran's Is Not Entitled to Relief Under the *Holloway* Doctrine**

Tran asks the Court to vacate his sentence under *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). A district court does not have inherent authority to modify a previously imposed sentence, and may do so only pursuant to statutory authorization. Once a sentence "has been imposed," Section 3582(c) generally prohibits a district court from "modify[ing] a term of imprisonment." Congress grants the district courts authority to modify a final sentence only: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) on its own motion if the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rule of Criminal Procedure Rule 35. A final sentence is only modifiable under Fed. R. Crim. P. 35 if: (1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence.

Nevertheless, Tran attempts to circumvent these limitations so as to permit a sentence reduction in the interest of fairness, relying upon the so-called *Holloway* Doctrine. In *Holloway*, the district court permitted a sentence reduction using the authority of Federal Rule of Civil Procedure 60(b) to revisit the defendant's

7

excessive sentence. 68 F. Supp. 3d at 311, 314.[3] Tran asks for the same type of relief that was granted in *Holloway*, advancing the argument that he is "still considered a model inmate although he has received even the most minute of disciplinary reports as the record will reflect." Motion at 2.

The Court first notes that the Ninth Circuit has not approved the non-binding rationale applied in *Holloway*, and it appears that every district court within this Circuit which has addressed the issue has declined to apply *Holloway* to reduce a defendant's sentence. *See, e.g.*, *United States v. Burton*, No. 1:85-CR-00205-LJO, 2018 WL 1637955, at *2 (E.D. Cal. Apr. 5, 2018) ("No circuit court has directly addressed the *Holloway* Doctrine, however, from a survey of district court cases,

---

[3]The defendant in *Holloway* stole three cars at gunpoint over the course of two days. *Id*. at 312. Each theft was charged as a separate count, accompanied by three separate charges for crimes of violence under 18 U.S.C. § 924(c) for use of a gun during each carjacking. Following trial, Holloway was convicted on all counts. *Id*. Under the then-mandatory Sentencing Guidelines, he was sentenced to 151 months in prison for the carjacking counts. *Id*. He was also sentenced to mandatory consecutive sentences on the three Section 924(c) counts: 5 years for the first conviction and 20 years each for the other two convictions. *Id*. The § 924(c) sentences ran consecutively to each other and to the carjacking sentence, which resulted in a total sentence of 691 months, or 57 years and 7 months. *Id*. at 312–13. After serving approximately twenty years of his sentence, Holloway filed a motion to reopen his Section 2255 proceeding under Rule 60(b) of the Federal Rules of Civil Procedure, based on the unduly harsh sentence produced from the mandatory "stacking" of the § 924(c) counts. *Id*. at 314. District Judge John Gleeson, the sentencing judge, thereafter asked the United States Attorney to "consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions" so he could face a more just resentencing. *Id*. After initially declining Judge Gleeson's request, the United States Attorney ultimately consented to withdraw her objection to Holloway's Rule 60(b) motion and agreed to the vacating of two of Holloway's Section 924(c) convictions, so that Judge Gleeson could resentence Holloway based on the remaining convictions. *Id*. at 314-16.

'the one consistent theme for the Courts that have addressed the *Holloway* decision is that unless the government acquiesces to the reduction [in sentence], there is no jurisdiction for the district court to reduce the Petitioner's sentence.'") (quoting *Whitt v. United States*, No. 1:95 CR 33, 2017 WL 5257709, at *3 (N.D. Ind. Nov. 13, 2017)).[4]

Equally important, the *Holloway* court itself recognized the importance of the government's agreement to resentencing. 68 F. Supp. 3d at 315–16. As noted in another case in this district court, *Acuna v. United States*, "relief of the type granted in *Holloway* is contingent on the Government's acquiescence." 2016 WL 3747531, at *3 (D. Haw. July 8, 2016). The court in *Acuna* explained:

---

[4]The same is true in other Circuits as well. *See, e.g.*, *Cornell v. United States*, No. 1:00-CR-204-3, 2018 WL 1474364, at *3 (M.D.N.C. Mar. 26, 2018) (declining to reduce sentence under *Holloway* and citing cases); *United States v. Hendrix*, No. 07 C 4041, 2018 WL 1064705, at *2 (N.D. Ill. Feb. 27, 2018); *United States v. Scott*, No. 1:04-CR-453, 2017 WL 9250298, at *2 (E.D. Va. Apr. 18, 2017) ("Other courts to consider *Holloway* have been, at best skeptical, and at worst critical, and this Court joins that chorus."); *Green v. United States*, No. 4:06-cr-01322 TLW-4, 2017 WL 679644, at *3 (D.S.C. Feb. 12, 2017) ("Notably absent from *Holloway* is an explanation of any statutory or constitutional basis for vacating Holloway's convictions."); *Slade v. United States*, Nos. 4:08-CR-3-FL, 4:13-CV-132-FL, 2016 WL 3911918, at *4 (E.D.N.C. July 15, 2016) ("*Holloway* is not binding on this court, and it involved different charges and resentencing considerations."), *appeal dismissed*, 675 Fed.Appx. 360 (4th Cir. 2017); *Wade v. United States*, Nos. JKB-15-3372, JKB-77-0565, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) ("While the *Holloway* ruling is educational and the court is sympathetic to Wade's documented medical situation, it finds no basis to apply the benefits of the *Holloway* decision, a New York federal district court ruling, to Wade's criminal cases."); *see also United States v. Wilson*, No. 3:07-CR-132-J-34MCR, 2017 WL 784611, at *1 (M.D. Fla. Mar. 1, 2017); *United States v. Sumner*, 210 F. Supp. 3d 21 (D.D.C. 2016); *Brown v. United States*, No. 1:00-CR-290, 2016 WL 4745822, at *2 (N.D. Ohio Sept. 13, 2016).

> Regardless of how broadly the *Holloway* Doctrine might be applied, it has effect only if the Government agrees to a reduced sentence. The Government does not agree here. This court therefore lacks authority to change the previously imposed sentences.
>
> ****
>
> In its opposition to Acuna's and Valenzuela's motions, the Government expressly declines to agree to or move for any reduction in the sentences in issue here. The Government's approval is an essential element in granting relief under the *Holloway* decision. *See* 68 F. Supp. 3d at 317. This court has no authority to reduce a sentence absent such approval from the Government.

*Acuna*, 2016 WL 3747531, at *3 (citations omitted). *See also Whitt*, 2017 WL 5257709, at *3 ("even if the Court broadly interpreted *Holloway* and determined it had some basis for application here, this Court has no authority to grant Whitt's entreaty for mercy, absent the Government's agreement"). The government likewise objects here, and the Court is without the authority to act on Tran's request.

Moreover, even if this Court had the discretion to reduce Tran's sentence pursuant to *Holloway*, the Court would not exercise its discretion in his favor for several reasons. First, one of the principal bases for *Holloway*'s reduction was that Holloway was a model prisoner. Tran has made no such showing, and the Government's evidence, in fact, paints quite the opposite picture, including at least four serious incidents since 2001, and additional less significant infractions. *See*

Govt. Ex. 4. Second, to be truly analogous to *Holloway*, Tran would need to bring this motion after demonstrating his ability to comply with the terms of his incarceration for a number of years. As noted, both his pre- and post-conviction conduct affords little reason to exercise whatever discretion the Court may possess in Tran's favor. Finally, the government agreed to vacate two of Holloway's convictions. Here, there has been no such agreement by the government to vacate any part of Tran's sentence. Because the circumstances of Tran's case and that of *Holloway* are entirely distinguishable, Tran's request is DENIED.

## II.     Tran Is Not Entitled to Relief Under Any Other Authority

The Court also lacks authority to consider Tran's motion to vacate or for reduction of sentence on any other basis or to order his immediate deportation.

Although Tran cites several cases and implores the United States Attorney to act on his request, the Court is without the authority to act on his request. Insofar as Tran asks the Court to exercise its discretionary powers with respect to his sentencing and imprisonment, the Court declines to do so. The court's inherent authority is generally vested to manage the affairs of the court, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962), and must be exercised with caution. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Its discretion is not a license to intervene in

decisions committed to the discretion of the Bureau of Prisons.[5]   To the extent the Court has discretion to make such a recommendation via its inherent authority, the Court declines to exercise it here.

## CONCLUSION

Tran's Motion for Vacatur of Conviction, Dkt. No. 742, is DENIED.

IT IS SO ORDERED.

DATED: June 7, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States v. Tran*; CR NO. 95-00151 (05) DKW; **ORDER DENYING MOTION FOR VACATUR OF CONVICTION**

---

[5]*See Cornell v. United States*, No. 1:00-CR-204-3, 2018 WL 1474364, at *2 (M.D.N.C. Mar. 26, 2018) (declining petitioner's request to Court to "use its auxiliary power to achieve the ends of justice," and to "recommend that the BOP file a § 3582(c)(1)(A) motion"); *United States v. Lucas*, 460 Fed.Appx. 86, 87 (3d Cir. 2012) (upholding district court's decision to deny an inmate's motion to issue a non-binding recommendation to the BOP and noting that while "no statute or rule limits the District Court's discretion in issuing a non-binding recommendation," such an action is not explicitly authorized by statute).